---

In re GRUBER.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

BANKRUPTCY (§ 429*)—DISCHARGE—JUDGMENTS—VACATION.

Since, under Code Civ. Proc. § 1268, it is only where a judgment has been rendered against a bankrupt that he can apply to have the judgment discharged, where, in an action against a firm, petitioner, a member, was not served, and no individual judgment against him was rendered, and there was no adjudication in bankruptcy as to the firm, petitioner's discharge in bankruptcy did not affect the judgment so far as it concerned the copartnership property, and did not entitle him to a cancellation of the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 778; Dec. Dig. § 429.*]

Appeal from Trial Term, New York County.

Application by Charles Gruber for the cancellation of a judgment. From an order denying his application, petitioner appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph Hirschman, for appellant.
Samuel M. Levy, for respondent.

PER CURIAM. The order appealed from should be affirmed, on the ground that upon the record there is no judgment against the petitioner individually. It appears that an action was commenced against him and his partner for a copartnership debt; that his partner was served, and a judgment was obtained against the party served; but the petitioner was not served, and the clerk could only enter a judgment against the defendant served. Code Civ. Proc. § 456. Consequently there is no individual judgment against the petitioner. So far as appears, there was no adjudication in bankruptcy as to the copartnership, and the discharge was only an individual discharge, and does not affect the judgment so far as it affects the copartnership property. It is only where a judgment has been rendered against a bankrupt that he can apply to have the judgment discharged. Code Civ. Proc. § 1268.

The order is therefore affirmed, with $10 costs and disbursements.